The next case for argument is United States v. Dittmer, Docket 22-4095. Counsel, you look prepared to begin. Good morning, Your Honors, and may it please the Court. My name is Kathleen Shudd, and I represent the appellate, Mr. Jason Dittmer. Mr. Dittmer's guilty plea plainly was not knowing and voluntary, and so it must be vacated. When Mr. Dittmer entered his guilty plea in January 2022, he did so without understanding that in order to obtain a conviction, the government would be required to prove that the obstructive proceeding either was federal in August 2021, or that it was likely to become federal at that time. He did not, in other words, understand the way the nexus requirement applied to his case. And with all of that, how does plain error affect things? Your Honor, I do believe this error is plain, and I'm happy to walk through. Okay, so you concede you have to make the claim. This is now preserved below, so we are on the plain error subject. You can go ahead and continue, and we'll pick it up. So I believe this error is plain because it's clear or obvious under current well-settled law specifically. It's clear that the nexus, that nexus is an element of the 15c1 offense from this Court's decisions in Phillips and Sutton. So Phillips makes clear that nexus applies to 1512c1. In Phillips's court held that nexus applies to the parallel obstruction of justice provision located in 1512c2, focusing on the use of the term corruptly, as well as the Supreme Court's application of nexus to similar obstruction offenses. And that reasoning just squarely applies to 1512c1. It's not using similar language. It's using literally the same word, corruptly. These are two parallel provisions which are meant to be read together, and it's just, it's also a federal obstruction offense. And notably, the government agrees that nexus applies to this offense. And then Sutton, which came out a few months after Mr. Dittmer's guilty plea, this course clarified the nexus requirement in two important ways. First, it made clear that nexus requires proof that the defendant contemplated a specific proceeding that either was federal or reasonably likely to become federal at the time of the obstructive conduct. So it's not sufficient for the proceeding just to become federal later. There's a focus on what was true at the time that the obstruction occurred. And second, it also makes clear that the mere possibility that a state proceeding will become federal due to overlapping jurisdiction is not enough. The government has to prove a reasonable likelihood. And it's, of course, plain that the failure to inform Mr. Dittmer of an element of the offense would render his plea involuntary. And that's from this court's decision in Hicks and Supreme Court decisions. So I think that's why this error is plain. And then that plain error affected Mr. Dittmer's substantial rights because the obstructive proceeding in this case was a state proceeding in August 2021. And the record doesn't contain any indication that it was likely to go federal at that time. So recall that Mr. Dittmer made the phone calls at issue while he was in local jail facing state charges in August 2021. The state charges were based on his conduct in selling between 0.1 grams and 17.5 grams of heroin and meth. And that's a lot. That's something that can get you federal charges. Sure. It's possible to be federally charged. And as the government points out, once you get above, I believe, 15 grams, you're subject to the mandatory minimum. But this court made clear in Phillips that the mere quantity of a drug conspiracy, the magnitude of a drug conspiracy, isn't enough to show the reasonable likelihood. That just shows there's a possibility of federal prosecution. And again, I thought in Phillips, the court said that there was enough because there had been a couple of arrests and there were drugs. But there wasn't a whole lot of knowledge that it was going to be a federal proceeding. I apologize, Your Honor. I got Phillips and Sutton. So in Sutton, this court says that the magnitude of a drug conspiracy can't show the reasonable likelihood. And I believe that the drug conspiracy in Sutton was much greater. And then I think what Your Honor is getting at is that in Phillips, this court found the nexus requirement was satisfied, even though the defendant in that case didn't know that the investigation he was interfering with was a federal investigation. But I think that's actually a very different issue than what we have here. Because in Phillips, by the time that the defendant engaged in the obstructive conduct, it was already a federal investigation. The DEA was involved. There was federal wiretaps. There are federal search warrants. And so the issue there wasn't whether the investigation or proceeding actually was federal. It's just what the defendant knew about it at the time. Well, Sutton wasn't drugged. Sutton was beating up a person in jail. The proceeding at issue in Sutton was, in fact, a federal drug conspiracy. And so the facts are sort of complicated. But basically, this all happened at a local jail. Somebody had snitched, was reputed to be a snitch. And so the person who had snitched on told the defendants, I want you to beat that guy up. The person who told the defendants that the victim was a snitch was in this local jail facing state charges for a drug conspiracy. And it is so attenuated in that case, because the people who beat him up didn't even know what the charge was, at least from what I can tell out of the case. But instead, it was, we're doing you a favor. This guy ratted on you, and we're anti-rat patrol. Sure, but it's true that they had less of a relationship with the drug conspiracy in that case. It's a lot less than having 14.8 grams of methamphetamine being caught and other episodes of drugs. Of course, but when this court says that the magnitude of the drug conspiracy is not enough to establish that the proceeding is federal or likely to become federal. Are you saying if it had been 500 grams of heroin, that that wouldn't be enough? Your Honor, I'm not the one who says that. That's what Sutton says, that the magnitude of a drug conspiracy standing alone is insufficient. And I think what... I don't see that in Sutton. I believe that Sutton says that this court addresses the argument raised by the government that the magnitude of the drug conspiracy should satisfy the requirement to show that the proceeding is likely to become federal. But if you say that there's no limit and that the magnitude is irrelevant, then you can't ever show that there's a likelihood of a federal proceeding that hasn't already been filed. I disagree. So in Sutton, this court says that the magnitude itself is merely speculative. You would need to show something else showing a relationship between the magnitude. You can't just rely on assertion that this is a big drug conspiracy. Second, I think a really important point to make is that the requirement that the proceeding be likely to become federal, it's not about what the defendant knows. It's not a subjective requirement. Because as 1512g1 provides, the government doesn't have to provide state of mind with respect to the federal nature of the proceeding. This is an objective requirement that the proceeding either has to be federal at the time of the obstructive conduct, or it has to objectively be the case that it's likely to become federal. And again, Sutton says that the showing that the proceeding is likely to become federal can't be made based on drug quantity alone. And again, I think although 15g of methamphetamine is a significant quantity of methamphetamine, it's not so significant as was at issue in Sutton. And Phillips, for example, in that case, the drug conspiracy involved multiple pounds of was being investigated by federal agents and federal warrants. And the reason for this is because, as Sutton makes clear, there is a necessity to give some substance to the requirement that the proceeding be federal in nature in order to avoid federalizing broad swaths of conduct. That's not the purpose of the statute. It's targeted at federal obstruction of justice. Let me pause you just for one second. And an important point that I don't know the answer to on the subjective versus objective. And I've read these cases, and I've been up and down every staircase in them. But it's the, and I wonder about subjective objective, because I know 1512g says you don't have to have a prove the state of mind as far as it being a federal proceeding. And yet, in Sutton, which I'll read some of that, it says, it concludes that Mr. Bridges had given information to a state police officer who obtained a search warrant and Mr. Jones had been arrested on state charges. Even if we assume Mr. Sutton and Mr. Segway were aware of these facts, the government presented no evidence, and here's what the government had to prove evidence, show evidence, that they had contemplated a federal proceeding. Or it was reasonably likely the contemplated proceeding would have been federal. Now my question to you is, based on the fact, is it an objective test? Here's all these facts that this person knew, what would a reasonable defendant in that position understand that it might go federal? Is that the test? It's a subject, it's, I agree it's confusing, and I've read it many times, and my conclusion is it's both an objective and a subjective test. So you have to subjectively be thinking of a specific proceeding. And I think in this case, everyone agrees, Mr. Dimmer was thinking of his drug case. He was in jail, he was facing state charges. And then the question of whether that proceeding is, in fact, a federal proceeding, that is an objective question. So it either has to actually be a federal proceeding at the time, so that's the Phillips case, right, where everyone knows he was thinking of a specific drug investigation, but he just didn't know it was federal. He didn't know the agents were working with federal prosecutors. And Sutton does make this clear, is that if you were contemplating a specific proceeding and you were just mistaken about it being a state proceeding, rather than a federal proceeding, under 1512 G1, that's not exculpatory. You're still in trouble because you, with the requisite mens rea, interfered with a proceeding that, in fact, was federal. OK, let me ask you this. And maybe that you can summarize this, which is, what would it have taken for the government to prove him discharge against your client? I think there's a couple of different things they could have shown. If they could show the kind of evidence there was in Phillips that, in August 2021, unbeknownst to Mr. Dimmer, there was already federal prosecutors involved. Maybe the federal grand jury was already meeting. Something to show it was already a federal proceeding at that time. Or if they could show, you know, and I don't, I think, again, Sutton is clear, the mere quantity of the drugs isn't enough. And notwithstanding the fact that it's enough to qualify for the five-year amendment, I don't consider these to be really massive quantities of drugs. Something to show at least a concrete relationship between this offense and the likelihood of federal prosecution. And I think what wouldn't be enough, right, is if it turned out that Mr. Dimmer was prosecuted federally for something that happened after this, right? Do you agree that he possibly could have been convicted? I think we don't know all the evidence in this case. Well, based on the evidence we have, which is considerable, I mean, he's been stopped several times, he's caught with a significant amount of methamphetamine. Could a jury say an objective defendant in your position, using an objective reasonable standard, would foresee that might likely go federal, therefore we convict? No, Your Honor, because again, the question isn't, you know, we use the term foreseeability, but as Sutton makes clear, it's a reasonable likelihood test and that's objective. It's not about what Mr. Dimmer knew. And secondly, Sutton says the mere quantity isn't enough. So again, you would need something more than just the fact that this is 15 grams of drugs. Second, you know, I think we're getting a little bit into the third problem. And again, Mr. Dimmer's burden is merely to show he has a plausible defense. I think Perez Perez is actually really clear on this. He doesn't have to show that he's innocent or that he would certainly prevail at trial. All he has to show is that the evidence against him is not so strong that he would have had no choice but to plead guilty. And on these facts, in particular- I don't know about that. Dominguez Benitez doesn't say that. It says, would it make sense for this defendant to go back there and withdraw his plea? And if it doesn't make sense, the court says, sorry, you lose on prong three, is my understanding. Your Honor, I believe the language that the evidence is not so strong that he has no choice but to plead guilty is from Perez Perez. And again, I think he does have a plausible defense, certainly given that the Sutton defendants, their convictions were reversed for sufficiency of the evidence. So given the evidence in this record, Mr. Dimmer may have had a plausible defense to the charge of federal obstruction of justice, and that is enough to meet his third prong standard of saying that he may not have pled guilty to this, may not have accepted this plea agreement. And I'd like to, if there's no further questions, I'd like to reserve the remainder. I have a question. Just a minute, I have a question. Was there at any time in the continuum of the investigation that it was a joint task force investigation? Your Honor, it was a drug task force investigation. There's no facts in the record about how frequently the drug task force investigations resulted in federal prosecutions. And I think at a minimum, there would have to be something along those lines. But isn't the fact that it was joint raise a reasonable possibility that there could be a federal proceeding? Your Honor, I disagree. Again, I think Sutton is clear that the mere possibility that an offense can be prosecuted federally is not enough to show a reasonable probability. And in Sutton, there was, in fact, a federal investigation at the same time that the person engaged in the obstructive conduct. So based on this court's case law, the government would need something more. So you're saying Sutton takes care of every problem on this, takes care of the drug quantity problem, and it takes care of the joint task force investigation? Yes, Your Honor. I think under Sutton, there would have to be some specific reason saying that this case is reasonably likely to go federal. Thank you, Your Honor. Good morning, and may it please the Court. I'm Joseph Palmer from the Justice Department. The district court did not commit reversible plain error in finding that the defendant understood the nature of the obstruction offense to which he pled guilty. Do you contend the defendant did understand? Yes. Even though nobody explained what an official proceeding was? That makes a dramatic difference. The key fact that supports this court's presumption that the defendant understood the nature of the offense is the defendant's stipulation that his conduct obstructed justice by destroying evidence in a federal proceeding. It doesn't say federal proceeding. That's correct. Let me re-correct. If it said that, we wouldn't be here. A federal narcotics investigation. Well, no, no. It says an official proceeding. It never says the word federal. The defendant's fact stipulation, both in his plea agreement and at the plea colloquy, the defendant stipulated that my conduct obstructed justice by destroying evidence in a federal narcotics investigation. And there are two pieces there. Number one, that that's the reality. And number two, that the government could have proved it if you'd have understood that's what was required. That's right. And nobody ever told him that. Well, that's correct. He wasn't specifically informed that that was an element. This court applies a presumption that a defendant is informed of the nature of his offense by his attorney when his guilty plea includes facts that establish that requirement. And in this case, the stipulation, the natural reading of the language, destroying evidence in a federal investigation, the natural meaning of those words is that the federal investigation exists at the time of the defendant's obstruction or at a minimum is reasonably likely to occur. Now, the defense argues that this stipulation isn't good enough because there's a possibility that it can be interpreted to mean that the defendant destroyed evidence in a federal proceeding that didn't exist yet and wasn't likely to exist and may have come into existence in the future. But that's not the most natural or the most reasonable construction of the words destroying evidence in a federal investigation. And on plain error review, it's not necessary for the exclusion of every possible interpretation of a stipulation that might take the defendant's conduct outside of the nexus requirement. It's sufficient for purposes of plain error review that the defendant agreed to a fact stipulation that is clearly designed to establish a nexus between his conduct and a federal investigation. That's the purpose for which that language was negotiated between the parties and inserted into the plea agreement and agreed to by the defendant's counsel. Well, and I take your point as far as that language being stated in this factual basis. What it says for elements is with the intent to impair its integrity and availability for use in an official proceeding. So the defendant is told what's important, what the government's going to have to prove is this. And then he goes on to say, yes, that's where do I sign as far as what's been typed out for me on a federal narcotics investigation. In other words, I see your point. But at the same time, it just seems like a reasonable and fair way of doing business that before somebody pleads guilty, they understand what the government had to prove. I agree with that general principle. But what this court's cases say is that the court applies a presumption that the defendant understands what the government is required to prove from his counsel. And when the defendant is informed of the critical elements of the offense, that he must act correctly with the intent to impair the evidence for use in an official proceeding, and when he stipulates to facts that establish the nexus requirement, in those circumstances on plain error review, that's sufficient for the court to apply the presumption. And those facts distinguish this case from the cases where this court has held that the presumption doesn't apply. In those cases, the defendant hasn't stipulated to any facts that establish the element. In those cases, there's reason to think that the defendant wasn't advised about the requirement, either because the Supreme Court has reversed the prior understanding of the category of cases, where the government has acknowledged that in those cases, the defendants can establish the first two prongs of the plain error standard. Is your position then, as to the stipulation, that the stipulation means there was first no error, and second of all, that if there was error, it was not plain because of the way the stipulation is articulated, and the district court sitting there wouldn't see that there was a problem? Is it at your position on both of those prongs of plain error? Yes. Yes, that's our, we agree with that, Your Honor. So you don't agree there was error? We don't agree that there was error. But if there was, the stipulation shows it was not plain. Correct. All right. Now, the defense has argued that Sutton represents the kind of change in the law that might rebut the presumption that his counsel explained the nature of the offense to him. But Sutton isn't like Rahafe or the Supreme Court's decision in Boosley, where there was prior binding precedent that had said that the requirement didn't exist, and then the Supreme Court had reversed it. Sutton just extended an existing Supreme Court case to a neighboring provision of the obstruction of justice constellation, and argued that this was just a straightforward application of the law. And so Sutton doesn't give rise, it doesn't help the defendant in his attempt to rebut the presumption that he understood the nature of his offense at the time he pled guilty. Wait a minute. Are you saying that Sutton does not say that drug quantity is not enough? Are you saying that? The drug quantity cannot be, or the position is the drug quantity cannot be a tip-off that it might be a federal presumption. Do you dispute that? We do dispute it as applied to this case, but I think that that's a third prong aspect of Sutton. I was addressing Sutton's setting forth of the nexus requirement. I'll turn now to the third prong. Our primary argument on the third prong of plain error is that the defendant, even if he had been aware that he had a plausible defense to the obstruction count, that wouldn't have changed his calculation to plead guilty because the strategic consideration for him pleading guilty was relief from sentencing exposure on the drug counts, and in particular the mandatory minimum sentence that the drug dismissed, or the government dismissed the count carrying the mandatory minimum. And the obstruction count didn't make any difference to the defendant's sentence. It didn't make any difference to the sentence, but it is a separate conviction that you that is to the defendant rather than you or me. In other words, if the defendant says, it's worth an extra 12 months to me on the drug case to serve an extra 12 months, not to have that obstruction count, who are we to second guess him on that? It's the defendant's right to do that, but when we're on plain error, it's the defendant's burden to show that he wouldn't have pled guilty in the first place. And this court's decision in Perez-Perez, the court found that the defendant in that had a plausible defense to the firearms count, but nevertheless held that he couldn't satisfy the third prong because his guilty plea was structured to avoid mandatory minimum sentence on a drug count to which he pled guilty. And our contention is the same analysis applies here. The defense has tried to distinguish that analysis by referring to the defendant's motion  to withdraw his plea. That doesn't help the defendant because the motion to withdraw came later. The fact that the defendant later develops buyer's remorse doesn't go to his reasons for accepting the plea in the first place, which in this case, his strategic position clearly was that the plea agreement got him out from under the mandatory minimum sentence to which he was otherwise subject, and sentencing exposure on the drug counts and the obstruction count wouldn't have made any difference. In addition, the defendant's counsel below found that the motion to withdraw was frivolous and the defense hasn't disputed that. Before we go down that road, at the time of the pro se attempt to withdraw the plea, he had all these Perez factors before him then, and he effectively said, notwithstanding that, I want to withdraw my plea. All the Perez factors were present then, correct? Right. Yes. All right. And notwithstanding that, he wanted to withdraw his plea. Yes. Doesn't that suggest that later, again, that there's a reasonable probability he wanted to withdraw that plea? Yes, I agree. We don't dispute that later he did want to withdraw the entire plea. But the question for plain error review is, what was he thinking at the time that he accepted the plea months earlier? The motion to withdraw doesn't relate back to his strategic decision to accept the plea, unless there's some reason to think that it did. And in this case, the grounds were frivolous. And if the grounds for moving to withdraw had somehow related back and questioned the voluntariness of pleading guilty in the first place, then presumably it would have been a tolerable motion, and his counsel would have been willing to advocate for it below. But they weren't. Whether the motion to withdraw affects the original voluntariness of the plea is the key factor in deciding whether a motion to withdraw is warranted. And in this case, everyone agrees that the motion to withdraw was not. If there's no further questions, I'll. Oh, I'm sorry, Your Honor. I want to just make one quick point about the remedy. In the event that this court determines that the defendant's guilty plea to the obstruction count is invalid, the court should leave the drug-related plea to the defendant.  The defendant's opening brief doesn't challenge the guilty plea as to the drug count, and doesn't raise any challenge to the validity of the plea agreement. And in these circumstances, then the defendant relies on the decision in Baynard. But that decision involved a conditional guilty plea, where the defendant reserved his right to withdraw his plea if he prevailed on appeal, and he did prevail. In this case, the defendant hasn't raised any challenge to the validity of his plea as to the drug count, and he hasn't raised any challenge to the original validity of the plea agreement. And in these circumstances, then, the remedy should be in the event that the court determines that the plea to obstruction is invalid, to leave the other count in place. Let me ask you a mirror image question. What I ask the opposing counsel, which is, if this did go back, this charge went back to district court, and defendant maintained not guilty stance, the jury may well say not guilty in this case. Do you dispute that? Well, we do dispute that. We agree. We think there are already reasons to think that the investigation was reasonably likely to become federal. Even though this was a guilty plea, and there was no reason to develop a record on this. Let me just take you through a couple of facts, which is, we're trying to measure what's going on in this guy's head, who's dealing drugs and a general threat to society down in St. George, Utah, and well-known to the authorities. Every time he's picked up, he's released. He is off on his own again, doing more of the same. That doesn't sound like someone who would think, oh, no, the feds are about ready to grab me by the collar. Therefore, if I'm on a jury, and the defendant says that to me, why would I be compelled to say, sorry, but you're guilty every time, which is what you're saying? Your Honor, I think both sides agree that it doesn't matter what's in his head. What we would have to prove is objectively, as a matter of real world fact. Based on his facts. No, it's got to be based on something. And if he was released after having 14.8 grams, that would be significant in an objective analysis, would it not? I think, if I understand your Honor's point, yes, it would. But I'm just coming back to, I think neither side disputes that, even if the defendant had no idea that the DEA was involved in the investigation, if that was true, as a matter of fact, then that would establish the nexus requirement. Thank you, Your Honor. All right, thank you. Your Honor, just a couple of quick points. I wanted to point, Your Honors, to Perez-Perez 992 F3rd at 976 to 977, where this court says that all the defendant has to show is a credible defense, and where the government's arguments are not so strong that Perez-Perez would have had no choice but to plead guilty, the third prong is met. Now Perez-Perez had other factors, but I did want to point the court to that part of the case. Thank you. Thank you, counsel, for your helpful arguments in a challenging case. You are excused. The case is submitted. Thank you.